J. S62019/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :     PENNSYLVANIA
    :
          v.     :
    :
BRANDON SCOTT DENNISON,     :
    :
        Appellant     :     No. 1723 MDA 2015

Appeal from the PCRA Order August 19, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0004011-2006

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:         **FILED SEPTEMBER 09, 2016**

Appellant, Brandon Scott Dennison, appeals from the Order entered on August 19, 2015, in the Court of Common Pleas of Luzerne County dismissing his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's appointed counsel, William J. Watt III, Esquire, has filed a Petition to Withdraw as counsel and an accompanying no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant counsel's Petition to Withdraw, quash this appeal, and dismiss Appellant's Application for Remand as moot.

A detailed recitation of the facts is not necessary to our disposition. Appellant filed his third PCRA Petition on April 10, 2015, claiming his

sentence is illegal pursuant to ***Alleyne v. United States***, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). After providing Notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition as untimely on August 19, 2015. Appellant filed a Notice of Appeal on September 28, 2015. ***See*** CCP Docket Entry #54.

On November 30, 2015, this Court issued a Rule to Show Cause Order directing Appellant to explain why the appeal should not be quashed as untimely where Appellant did not file the Notice of Appeal within 30 days of the underlying order. Rule to Show Cause Order, filed 11/30/15, at 1.

In response, Appellant avers that he directed his court-appointed counsel to file a Notice of Appeal but counsel did not respond to his request. Appellant claims he then submitted his *pro se* Notice of Appeal by depositing it in the prison mailbox on September 18, 2015, the same date handwritten on the Notice of Appeal. Accordingly, Appellant argues that he timely filed his Notice of Appeal under the Prisoner Mailbox Rule. ***See*** Pa.R.A.P. 121(a).

On May 9, 2016, Attorney Watt filed a Petition to Withdraw and a ***Turner***/***Finley*** no-merit letter in the form of an Appellant's Brief, stating that there were no non-frivolous issues to be raised on appeal. Appellant responded to Attorney Watt's Petition to Withdraw in a *pro se* letter filed with this Court on May 26, 2016. On June 13, 2016, Appellant filed an application for remand to supplement his PCRA Petition and raise additional issues.

Before we consider Appellant's arguments, we must review Attorney Watt's Petition to Withdraw. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. **Id**. The court then conducts its own independent review of the record to determine if the Petition is meritless. **Id**. Counsel must also send to the petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record discloses that Attorney Watt has complied with each of the above requirements. In addition, Attorney Watt sent Appellant copies of the **Turner**/**Finley** no-merit letter and his Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court granted Attorney Watt permission to withdraw. **See Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011). Therefore, Attorney Watt has complied with the **Turner**/**Finley** requirements.

Before addressing the issues raised on appeal, we must determine whether we have jurisdiction to hear this appeal. *See Commonwealth v. Liebensperger*, 904 A.2d 40, 43 (Pa. Super. 2006); Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Appellant has failed to provide "a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities." Pa.R.A.P. 121(a). No other evidence included in the certified record reasonably verifies that Appellant timely filed his Notice of Appeal.

Moreover, the record contains no evidence of "extraordinary circumstances such as a court holiday or closing or a breakdown in the operations of the court" that would excuse his untimely filing. *Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014). The PCRA court's August 19, 2015 Order dismissing Appellant's PCRA Petition clearly advised Appellant that "You have a right [to] appeal to the appropriate appellate court within 30 days[.]" PCRA Court Order, filed 8/19/15, at 1. Appellant's filing of his Notice of Appeal on September 28, 2015, was clearly untimely.

Accordingly, we grant counsel's Petition to Withdraw, quash the appeal, and dismiss the Application for Remand as moot.

Petition to Withdraw granted.  Appeal quashed. Application for Remand dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016